IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PRISCILLA J. YEARWOOD,

   Plaintiff,

    v.

AMERICAN HOME MORTGAGE
SERVICING, INC., et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:11-CV-2629-TWT

ORDER

This is a pro se wrongful foreclosure action. It is before the Court on Defendant American Home Mortgage Servicing, Inc.'s ("AHMSI") Motion to Dismiss or alternatively Motion for Summary Judgment [Doc. 4]. For the reasons set forth below, the Court GRANTS the Defendant's Motion to Dismiss.

I. Background

On February 26, 2007, the Plaintiff, Priscilla J. Yearwood, purchased real property located at 662 Lakeview Trail, Marietta, Georgia, 30068, using the proceeds from a loan (the "Loan") made to her by Taylor, Bean & Whitaker Mortgage Corporation ("TBW"). In order to obtain the Loan, Ms. Yearwood executed a security deed, thereby conveying a security interest in the property to Mortgage Electronic

Registration Systems, Inc. ("MERS"), as nominee for TBW. On January 25, 2011, MERS, as nominee for TBW, assigned the Security Deed to U.S. Bank National Association (USBNA) as Trustee for TBW Mortgage-Backed Pass-Through Certificates, Series 2007-2. On March 16, 2011, McCurdy & Candler sent a Notice of Default letter to the Plaintiff on behalf of USBNA as Trustee and AHMSI as servicer.  (Compl. ¶¶ 22-23.)  The Plaintiff received notice of an impending foreclosure sale via an advertisement in the Legal Notices paper that listed her property as going to foreclosure sale on June 7, 2011.  (Compl. ¶ 26.)  On June 5, 2011, the Plaintiff filed a complaint and a request for a temporary restraining order to stop the foreclosure sale in the Superior Court of Cobb County [Docs. 1 & 2].  On June 7, 2011, the foreclosure sale occurred at the Cobb County Superior Courthouse, and USBNA, as highest bidder, bought the Property for $290,000.00.

On August 9, 2011, the Complaint and Motion for Temporary Restraining Order were removed to this Court [Docs. 1 & 2].[1]  The Complaint, which asserts several claims arising from the allegedly wrongful foreclosure sale, names AHMSI, USBNA, and MERS as defendants [Doc. 1].  On August 11, 2011, AHMSI filed a Motion to Dismiss or alternatively Motion for Summary Judgment [Doc. 4].   The

---

[1]On August 12, 2011, the Court denied the Motion for Temporary Restraining Order [Doc. 6].

Plaintiff did not respond to this Motion.

## II. Discussion

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S.Ct. at 1964). Plaintiff's Complaint fails to state a plausible

claim for relief against AHMSI.

### III.  Conclusion

For the reasons set forth above, the Court GRANTS the Defendant's Motion to Dismiss [Doc. 4].

SO ORDERED, this 21 day of October, 2011.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge